Case 7:13-cv-00627 Document 13 Filed in TXSD on 06/03/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BADIH AHMAD AHMAD<br>    Plaintiff | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION M-13-627 |
| | §<br>§ | |
| BOARD OF PARDONS & PAROLES<br>    Defendant | §<br>§ | |

### REPORT & RECOMMENDATION

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis ("IFP"), has brought a claim for injunctive relief under 42 U.S.C. § 1983, on the basis that Defendant's implementation of Texas's discretionary parole system violates the Eighth Amendment's prohibition against cruel and unusual punishment. This case was referred to the undersigned. Pursuant to the screening provision of the IFP statute, service did not issue in this case, and no answer has been filed. This case is ripe for summary disposition on the record.

After a review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's § 1983 claim be **DISMISSED** without prejudice as moot and that the Motion for Class Certification (Dkt. Entry No.1 at 8–9) be **DENIED** as moot.

### I. NATURE OF THE CLAIM

Plaintiff argues that Defendant violates the Eighth Amendment's prohibition against cruel and unusual punishment by leading TDCJ inmates to believe that if they comply with the prison rules and act as model prisoners, they actually might have a chance at conditional release under the discretionary parole system. (Dkt. Entry No. 1–2; 6.) However, Plaintiff argues, just because an

inmate may be "eligible" for discretionary-parole consideration does not mean that Defendant will find the inmate "suitable" for parole. (*Id.*) In essence, Plaintiff asserts, the Defendant misleads inmates and subjects them to cruel and unusual punishment by creating a false hope of early, conditional release. (*Id.*) Plaintiff argues that Defendant should be required to "screen out" those inmates who will not be considered "suitable" for parole from the many inmates who may be eligible for parole in order to eliminate this false hope. (*Id.*) Plaintiff's prayer for relief asks only for injunctive relief to stop Defendant from operating under its current practices.

Plaintiff also moves for class certification under Rule 23 of the Federal Rules of Civil Procedure, and he lists four other inmates as putative class members. (*Id.* at 7–9.)

## II. RELEVANT LAW, ANALYSIS, & CONCLUSIONS

Plaintiff proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Plaintiff is a state prisoner proceeding IFP. Under 28 U.S.C. §§ 1915(e)(2), 1915A(b), sua sponte dismissal of Plaintiff's complaint, or any portion thereof, is permitted if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

The undersigned concludes that this action should be dismissed for the following reasons: (1) Plaintiff has been released from prison. Under *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam), Plaintiff's challenge to the discretionary parole procedures under the Eighth Amendment is mooted by his release, absent a "demonstrated probability" that Plaintiff would again

be subject to the parole board's jurisdiction. It is unknown whether Plaintiff was released unconditionally or was paroled. Either way, the recommended outcome is the same to the extent Plaintiff is unable to show a demonstrated probability that he would be subject again to the Board's jurisdiction. *See Hunter v. Owens*, 460 F. App'x 421, 424, 2012 WL 470189, at *2 (5th Cir. 2012) ("The mere theoretical possibility that, at some future time, Hunter could have his parole revoked . . . because of his own actions does not rise to the level of a 'reasonable expectation' that he will again be subjected to the Parole Board's vote."). Plaintiff filed a notice of a change of address upon his release from prison, but he did not allege a "demonstrated probability" at that time. (*See* Dkt. Entry No. 12.) Nor is there any suggestion in the record that Plaintiff can or could demonstrate this probability.

(2) Even if this action were not moot, the Fifth Circuit has rejected on more than one occasion the argument Plaintiff asserts under the Eighth Amendment. Specifically, the Fifth Circuit has refused to "equate" the disappointment and psychological distress prisoners may experience as a result of "arbitrary and capricious denials of paroles" with "cruel and unusual punishment ." *Craft v. Texas Bd. of Pardons and Paroles*, 550 F.2d 1054, 1056 (5th Cir. 1977) (quoting *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974)). Accordingly, Plaintiff's claim that a false hope of early release to parole amounts to cruel and unusual punishment is subject to dismissal as frivolous because it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325–27 (1989) (explaining that a claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory").

(3) It is also worth mentioning that there is no constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1,

7 (1979). In Texas, parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007) (citations omitted). The Fifth Circuit has held that "there is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State." *Id.*

(4) Plaintiff's Motion for Class Certification should be denied as moot because (1) Plaintiff was released and, in addition, (2) the claim lacks substantive merit under binding precedent. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1443 n.7 (5th Cir. 1993) (explaining that there was no need for the court to reach the question of class certification because the named plaintiff was unable to establish a genuine issue of material fact to support his claims); *see also Conditt v. Owens*, 457 F. App'x 420, 422, 2012 WL 29128, at *1 (5th Cir. 2012) ("Dismissal of [the prisoner's] complaint on its merits mooted any request for class certification."); *Turner v. Pan American Life Ins. Co.*, 478 F. App'x 915, 916, 2012 WL 2735328, at *1 (5th Cir. 2012) (concluding that there was no need to address the arguments with respect to class certification because the district court properly dismissed the complaint on the merits).

### III. CONCLUSION

*Recommended Disposition*

After careful review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's § 1983 claim be **DISMISSED** without prejudice as moot and that the Motion for Class Certification (Dkt. Entry No.1 at 8–9) be **DENIED** as moot.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

DONE at McAllen, Texas, this 3rd day of June, 2016.

_____ *Dorina Ramos* _____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE